**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 20 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LAWRENCE AHLDEN,

      Petitioner-Appellant,

v.

TWYLA SNIDER; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA; JAMES L. SAFFLE,
Director, Oklahoma Department
of Corrections,

      Respondents-Appellees.

No. 00-6345
(D.C. No. CIV-99-1065-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **KELLY** , Circuit Judges.

---

After examining the appellant's brief and the appellate record, this panel

has determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lawrence Ahlden, a state prisoner convicted of first-degree rape, seeks a certificate of appealability (COA) to appeal the district court's denial of his § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c) (providing that no appeal may be taken from an order denying relief in a § 2254 petition unless the petitioner-appellant first obtains a COA by making "a substantial showing of the denial of a constitutional right"). Ahlden alleges constitutional violations in: (1) the admission of excerpts from the preliminary hearing testimony of Ahlden's father, a prosecution witness who admitted his lack of memory at the time of trial; (2) the prosecutor's alleged failure to disclose to Ahlden that his father was over-medicated and incompetent at the time of the preliminary hearing; (3) the refusal to give requested jury instructions on corroboration of testimony in a rape prosecution and impeachment by prior inconsistent statements; (4) the insufficiency of the evidence; (5) prosecutorial misconduct during trial; (6) the imposition of a 200-year sentence; (7) ineffective assistance of counsel on the part of trial and appellate attorneys; and (8) cumulative error.

This court has reviewed the request for a COA, Ahlden's appellate brief, the magistrate judge's recommendation, the district court's order, and the entire record before us. Our review demonstrates that the Ahlden's § 2254 petition is not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. Ahlden's request for a COA is denied for

substantially those reasons set forth in the magistrate judge's thoughtful and thorough report and recommendation of May 26, 2000, adopted by the district court on September 8, 2000. This appeal is accordingly DISMISSED.

Entered for the Court

David M. Ebel
Circuit Judge